# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LASHANDA FOWLER                                                                                    PLAINTIFF

V.                                                                                    NO. 4:14CV00039-JMV

CAROLYN W. COLVIN
Acting Commissioner of SSA                                                                         DEFENDANT

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition for attorney's fees [21] filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having thoroughly considered the submissions of the parties, the record and the applicable law, the petition is granted in part and denied in part for the reasons that follow.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [20] dated September 12, 2014, this court granted the Commissioner's unopposed motion for remand of this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now seeks attorney's fees under the EAJA on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified."

The EAJA provides for the award of court costs and reasonable attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

Here, Plaintiff requests that the $125 hourly rate set by the EAJA be adjusted using the national consumer price index ("NCPI"). According to his calculations, he is entitled to a total amount of $4,693.00, representing 24.7 hours of attorney work in 2014 at a rate of $190.00/hour. Counsel claims the hourly rate is below the market rate.

The Commissioner does not dispute that Plaintiff is the prevailing party. Nor does the Commissioner argue there are special circumstances or that her position was substantially justified. Instead, she essentially argues the applicable CPI table is the South urban index ("regional CPI") which results in an adjusted hourly rate of $188.90.

In defense of the requested rate, Plaintiff in her reply brief cites a case from the Ninth Circuit which held the statutory maximum fee under the EAJA, when adjusted for inflation, should be adjusted based upon cost-of-living increases reflected in the NCPI. Further, counsel points out the fact that he has been awarded fees based on the NCPI for a number of years without objection from the Commissioner. Ultimately, Plaintiff states she is entitled to an additional four hours of attorney time at the rate of $190 for defense of the fee petition.

The EAJA's purpose is twofold: 1) to ensure adequate representation for those who need it and 2) to minimize the cost of this representation to taxpayers. *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995); *Baker,* 839 F.2d 1075, 1084 (5th Cir. 1998). Pursuant to the statute, "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, *except* that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour . . . ." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). However, pursuant to the statute's express terms, the court may adjust this cap upward if a higher fee is justified by an increase in the cost of living or a special factor, such as where there are a limited number of attorneys to handle the type of proceedings involved. *Id.*[1] Nevertheless, the Fifth Circuit has held that any adjustment based on either of these two factors should be made conservatively. *See Baker v. Bowen*, 839 F.2d 1075, 1078 (5th Cir. 1998).[2] Moreover, within any

---

[1] In *Pierce v. Underwood*, 487 U.S. 552, 570-76 (1988), the Supreme Court clarified the meaning of the "special factor" exception and held that other "special factors" contemplated but not delineated by the statute must be "such as are not of broad and general application," rejecting such factors as "the novelty and difficulty of issues," the undesirability of the case," and "customary fees in other cases."

[2] Citing the Supreme Court's decision in *Pierce*, 487 U.S. 552, 573 (1988), the Fifth Circuit has recognized that reasonable market rates for attorneys cannot be considered as a special factor justifying an upward adjustment of the statutory cap. *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995).

given judicial division or legal market, fee awards based on these delineated factors should be uniform since they affect each litigant in essentially the same way. *See e.g., Washington v. Barnhart*, 93 F. App'x. 630, 631 (5th Cir. 2004) (per curium) (instructing Southern District of Texas court to "be cognizant of the need for uniformity in these types of cases" on remand); *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995) (advising district judges in Eastern District of Louisiana to address lack of uniformity of application of special factors in New Orleans district courts); *Baker*, 839 F.2d at 1083-85 (remanding cases to Dallas federal courts for uniform determination of EAJA fee award increases). *But see Yoes v. Barnhart*, 467 F.3d 426, 427 (5th Cir. 2006) (declining to adopt a rule that mandates rate uniformity across entire federal districts).

Accordingly, the court finds that in view of the obvious fact that the cost-of-living has increased since amendment of the statute in March 1996,[3] an increase in the statutory maximum hourly rate for inflation is appropriate in this case. *See Yoes,* 467 F.3d at 426-427 ("[The EAJA] vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors.").

Next, the court finds that adopting the regional CPI as the base index for computing the increased cost-of-living satisfies the dual purposes of the EAJA. In *Baker* the Fifth Circuit stated, "Except in unusual circumstances . . . if there is a significant difference in the cost of living since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted." *Baker*, 839 F.2d at 1084. The award need not track the cost-of-living index for that geographical area, but that index is a significant indicator. *Id*. The resulting figure is only a ceiling, however, not a floor, and the court may determine a fee below the adjusted ceiling is a more reasonable attorney's fee award based on the facts of the particular case. *Hall*, 50 F.3d at 370. Ultimately, in order to satisfy the dual purposes of the EAJA, "rates should be increased only to the extent necessary to ensure an adequate source of representation and

---

[3] The EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour. *See Mills v. Colvin*, No. 13-701, 2014 WL 6475376, at *5 (E.D. La. Nov. 17, 2014).

−3−

should never exceed the percentage by which the market rate attorneys' fees have increased since the statute was [amended in 1996]." *Baker*, 839 F.2d at 1082-84.

Thus, while *Baker* clearly indicates this court is not required to adopt the regional CPI (which covers the Mississippi market), the court is nevertheless charged with adjusting the rate "only to the extent necessary to ensure an adequate source of representation" and ensuring it "never exceed[s] the percentage by which the market rate attorneys' fees have increased" since March 1996 when Congress implemented the $125 cap. *See Mills v. Colvin*, No. 13-701, 2014 WL 6475376, at *5 (E.D. La. Nov. 17, 2014) (illustrating that because the EAJA was amended in March 1996 to increase the statutory cap from $75 to $125, the appropriate period for which to calculate any COLA is from March 1996 through the date the services were rendered). Stated differently, "under no circumstances should any upward adjustment of the statutory cap exceed the prevailing market rate." *Adams v. Chater*, 914 F. Supp. 1365, 1372 (E.D. La. 1995).

In this case, of the two indices offered, the regional CPI is more applicable to the locale where the litigation occurred (Mississippi) and, consequently, better reflects the cost-of-living increase for said locale. Furthermore, because the Commissioner does not take issue with Plaintiff's assertion that the proffered rate of $190 does not exceed the prevailing market rate, and in fact admits that the lower rate of $188.90 should be awarded, the court finds the $188.90 rate does not offend the dual purposes of the EAJA. Therefore, the applicable hourly rate in this case is $188.90 (230.302 [CPI first half 2014] x $125 [cap rate]/152.4 [CPI March 1996]) for work completed in 2014.

The court now addresses Plaintiff's request for a supplemental award for the time reasonably expended defending the fee petition. Because the Commissioner did not object to this request, the court is of the opinion it should be granted.

Finally, the Commissioner does not challenge the reasonableness of the number of hours itemized in either the fee petition or the supplemental fee request. Therefore, the court finds the total number of hours requested for litigating this case is reasonable.

THEREFORE, IT IS ORDERED:

1. That Plaintiff's petition for attorney's fees is granted in part and denied in part.

2. That Plaintiff is hereby awarded a total of $5,421.43, representing 24.7 hours of attorney work performed in 2014 and 4 hours for defending the fee petition in 2014, both at the rate of $188.90.

3. That the Commissioner shall promptly pay the Plaintiff $5,421.43 for the benefit of her counsel.

This 17th day of December, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE